# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

September 1, 2020

LETTER TO COUNSEL

RE:   *Tiffany B. v. Saul*
      Civil No. DLB-19-2408

Dear Counsel:

On August 20, 2019, plaintiff Tiffany B. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Disability Insurance Benefits. ECF No. 1. I have considered the parties' cross-motions for summary judgment. ECF No. 14 ("Pl.'s Mot."), ECF No. 19 ("Def.'s Mot."). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Plaintiff protectively filed her claim for benefits on September 9, 2015, alleging an onset date of May 11, 2015. Administrative Transcript ("Tr.") 219. Her claim was denied initially and on reconsideration. Tr. 137-41, 143-44. A hearing was held on March 27, 2018, before an Administrative Law Judge ("ALJ"). Tr. 38-104. Following the hearing, the ALJ determined that plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 12-27. The Appeals Council denied plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that plaintiff suffered from the severe impairments of "migraines, depressive disorder, anxiety disorder, dysthymic disorder, low back pain/early lumbar arthropathy with radiculopathy, neck pain, spondylosis of cervical region, fibromyalgia, obesity, and chronic pain syndrome." Tr. 15. Despite these impairments, the ALJ determined that plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except she can never
> climb ladders, ropes, or scaffolds; frequently climb ramps and stairs and balance;
> occasionally stoop, kneel, crouch, and crawl; must avoid all exposure to work place

       hazards such as unprotected heights, and dangerous moving machinery; and can perform simple routine tasks in an environment involving simple work related decisions with few, if any, workplace changes.

Tr. 18.  After considering the testimony of a vocational expert ("VE"), the ALJ determined that plaintiff could not perform her past relevant work as a sales person, door keeper, cashier, day care attendant, or appointment clerk, but that she could perform other jobs existing in significant numbers in the national economy.  Tr. 23-26.  Therefore, the ALJ concluded that plaintiff was not disabled.  Tr. 26-27.

       On appeal, plaintiff challenges the ALJ's consideration of her treating physicians' medical opinions and the ALJ's RFC assessment.  Pl.'s Mot. 3-28.  Plaintiff argues that the RFC assessment was erroneous because, among other reasons, the ALJ's discussion of her migraines was inadequate.  She argues that these inadequate discussions preclude judicial review because the ALJ failed to "build an accurate and logical bridge from the evidence to [her] conclusion."  *Id.* at 27-28 (quoting *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017)).  I agree that the ALJ's decision lacked an adequate narrative discussion of plaintiff's migraines.  In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that plaintiff is not entitled to benefits is correct.

       "The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities."  Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *3.  The ALJ is required to include a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."  *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96-8p).  "In other words, the ALJ must *both* identify evidence that supports [her] conclusion *and* 'build an accurate and logical bridge from [that] evidence to [her] conclusion.'"  *Woods v. Berryhill*, 888 F.3d, 686, 694 (4th Cir. 2018) (emphasis in original) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)).  A proper narrative is necessary for judicial review.  *See Geblaoui v. Berryhill*, Civil No. CBD-17-1229, 2018 WL 3049223, at *3 (D. Md. June 20, 2018) ("Without a proper narrative discussion from the ALJ, it is impossible for the Court to determine if the ALJ's decision on Plaintiff's RFC limitations is supported by substantial evidence.").  Of course, "it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence."  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

       At step two, the ALJ determined that plaintiff's migraines were a severe impairment.  Tr. 15.  In the ALJ's summary of plaintiff's subjective complaints, the ALJ noted that Plaintiff alleged disability in part due to her migraines and that "her migraines frequently require her to sit in a darkened room."  Tr. 19; *see also* Tr. 253 (plaintiff's report that migraines affected her ability to "concentrate, focus, or be around people"); Tr. 285 (plaintiff's report that she "fear[ed] all of [her] triggers, i.e. sunlight, noise, smells, etc."); Tr. 263 (plaintiff's mother's report that migraines

affected plaintiff's ability to perform household chores).  In the RFC assessment, the ALJ provided the following discussion of plaintiff's migraines:

> The claimant also has a history of treatment for migraines.  August 13, 2015 records from Fort Washington Medical Center note that the claimant was seen for complaints related to headaches.  The claimant reported associated symptoms including nausea, vomiting and photophobia.  Treatment notes from neurologist, Ahmed Kafaji, MD, which cover the entirety of the relevant period, reflect that the claimant reported improvement with Trokendi but indicated that Topamax and Depakote had provided minimal relief.  The claimant was advised to avoid migraine triggers.

Tr. 20 (internal citations removed).

The ALJ then explained that, "in recognition of her migraines and mental health issues, the [RFC] notes that the claimant could perform simple tasks in a work environment characterized by simple work-related decisions and limited workplace changes." Tr. 21.  The limitations to "simple work-related decisions" and "limited workplace changes" do not address plaintiff's symptoms of migraines, which the ALJ noted included nausea, vomiting, and photophobia.  Moreover, the ALJ acknowledged that Plaintiff was "advised to avoid migraine triggers," but did not acknowledge plaintiff's triggers or provide an RFC limitation to help avoid those triggers.  *See, e.g.*, Tr. 285 (listing "sunlight, noise, smells" as triggers).  Finally, the ALJ seemed to rely on plaintiff's "reported improvement with Trokendi," but the record shows that plaintiff continued to experience migraines even with some reported improvement.  *See, e.g.*, Tr. 429 (noting "Continues on Trokendi XR as it work good for patient," "CONSIDER BOTOX INJECTIONS IF NOT BETTER," and "Avoid trigger factors for migraine"); Tr. 423 (noting "Onabotulinum Toxin A (Botox) injections for management of chronic (intractable) migraine"); *see also* Tr. 286 (describing side effects of Trokendi as "numbness hands/feet, anxiety, difficulty concentrating").  Nowhere in the decision does the ALJ explain how plaintiff could sustain a normal workday and workweek with her migraines and their symptoms.  *See* Tr. 90 (VE testimony that there would be no work for an individual who is off task for twenty percent of the workday).

The ALJ similarly ignored the effects of Plaintiff's migraines on her activities of daily living.  The ALJ concluded that plaintiff's "somewhat normal level of daily activity" were inconsistent with her allegations.  Tr. 21.  The ALJ stated:

> In particular, at her psychiatric consultative examination, the claimant admitted activities of daily living including performing personal care items unassisted, preparing simple meals, performing light household tasks, and shopping for household essentials.  She reported that she enjoys reading and watching television.  She attends church regularly.  Some of the physical and mental abilities and social interactions required in order to perform these activities are the same as those necessary for obtaining and maintaining employment.  I find the claimant's ability

> to participate in such activities undermines her allegations of debilitating functional limitations.

*Id.* (internal citations removed).  Plaintiff persuasively argues that the ALJ's summary of her activities was "factually inaccurate," and contends that her impairments, including her migraines, interfered with her daily living.  Pl.'s Mot. 22-24.  The psychiatric consultative examination cited by the ALJ noted that Plaintiff was able to shop and clean, but it also notes that those activities could trigger migraines because of smells like bleach and perfume.  Tr. 408.  Plaintiff testified that migraines interfered with her ability to cook and clean because she had to retreat to her bedroom to get away from the "light, noise, [and] smells" of the house during migraines.  Tr. 281.  Contrary to the ALJ's statement that plaintiff enjoyed reading, the psychiatric consultative examination reported that she had been an "avid reader but as migraines got worse, [she] couldn't."  Tr. 407.  Lastly, regarding her church attendance, plaintiff reported that she tried to go once a week and that she was "not able to take part like [she] use[d] to."  Tr. 255.

In response, the Commissioner asserts that the ALJ's discussions of plaintiff's migraines and activities of daily living were sufficient.  *See* Def.'s Mot. 16-17.  He argues that the ALJ "did not leave an unexplained inconsistency in her RFC determination and provided a proper narrative building an accurate and logical bridge from the evidence to reach her conclusion."  Def.'s Mot. 13.  I disagree.  The ALJ's decision does not explain how plaintiff could perform sustained work activity over a normal workday and workweek.  Without an adequate explanation, I cannot review the ALJ's decision regarding plaintiff's ability to work despite her migraines.

I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ.  *See Hays*, 907 F.2d at 1456.  My review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied.  *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971) (defining substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion").  Here, I agree with plaintiff that the ALJ did not explain how the evidence she cited supported a finding that plaintiff could perform sedentary work with additional postural and environmental limitations.  Therefore, the ALJ failed to build the necessary "logical bridge" between the evidence and her conclusion about plaintiff's RFC, and I am unable to review whether the ALJ's decision was supported by substantial evidence.

Because the case is being remanded on other grounds, I need not address plaintiff's remaining concern of whether the ALJ properly considered her treating physicians' opinions.  The ALJ may consider this argument on remand.

For these reasons, plaintiff's motion for summary judgment, ECF No. 14 is DENIED, and defendant's motion for summary judgment, ECF No. 19, is DENIED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.

*Tiffany B. v. Saul*
Civil No. DLB-19-2408
September 1, 2020
Page 5

      Despite the informal nature of this letter, it should be flagged as an opinion.  A separate order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge